**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AKWINDER KAUR, PARAMJIT SINGH, and AKASHDEEP SINGH, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.  13-72680 <br><br> Agency Nos.  A200-993-760 <br>   A200-993-761 <br>   A200-993-762 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

The stay in these proceedings expired on May 16, 2016.   Thus, respondent's

unopposed request to lift the stay (Docket Entry No. 24) is denied as moot.

Akwinder Kaur, Paramjit Singh, and Akashdeep Singh, natives and citizens

of India, petition for review of the Board of Immigration Appeals' ("BIA") order

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, including claims of due process violations, *Mendez-Mendez v. Mukasey*, 525 F.3d 828, 832 (9th Cir. 2008), and review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

The record does not compel the conclusion that Kaur applied for asylum within a reasonable period of time after expiration of her legal status in the United States, or that she otherwise established any changed or extraordinary circumstances to excuse her untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1182 (9th Cir. 2008). We reject her contention that the agency did not consider the circumstances surrounding the delay in filing. Thus, we deny the petition for review as to her asylum claim.

Substantial evidence supports the agency's adverse credibility determination

13-72680

based on the inconsistencies as to whether police visited petitioners prior to January 29, 2006, and whether police threatened petitioners with death in 2008. *See Shrestha,* 590 F.3d at 1048 (adverse credibility determination was reasonable under the totality of circumstances). Petitioners' explanations do not compel the opposite result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject petitioners' contentions as to the translation of their hearing. *See id.* at 1246 (requiring error to prevail on a due process claim). Thus, in the absence of credible testimony, petitioners' withholding of removal claim fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Petitioners' CAT claims also fail because they are based on the same testimony the agency found not credible, and petitioners do not otherwise point to any evidence in the record that compels the finding it is more likely than not they will be tortured by or with the consent or acquiescence of the Indian government. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (although reports confirmed torture took place in petitioner's country, the reports did not compel the conclusion that petitioner would be tortured). We reject petitioners' contentions that the agency failed to analyze their claim properly. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

13-72680

**PETITION FOR REVIEW DENIED.**